UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE BENJAMINE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, a National Bank; and DOES 1 through 50,<br><br>Defendant. | Case No.:  3:26-cv-01443-GPC-DDL<br><br>**ORDER:**<br>• **GRANTING MOTION TO DISMISS**<br>• **GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>**[ECF No. 4]** |

On March 13, 2026, Defendant filed a Motion to Dismiss and a Request for Judicial Notice. ECF No. 4. The motion to dismiss has been fully briefed. ECF Nos. 6, 7. The Court finds the matters suitable for decision on the papers. For the reasons below, the Court GRANTS Defendant's motion to dismiss and request for judicial notice.

## FACTUAL BACKGROUND

On November 7, 2022, Defendant U.S. Bank National Association ("Defendant") hired Plaintiff Louise Benjamine ("Plaintiff") as a universal banker. ECF No. 1-3 ("Compl.") ¶ 9. She was regularly scheduled to work approximately 35 to 40 hours per

3:26-cv-01443-GPC-DDL

week. *Id*. Plaintiff received recognition for her customer service and high customer satisfaction ratings. *Id*. ¶ 10.

At some point, Plaintiff requested $10,000 to replenish her cash box. *Id*. ¶ 11. On January 13, 2023, Rocio Reyes ("Reyes"), Plaintiff's supervisor, denied Plaintiff the full withdrawal amount and provided her only $5,000. *Id*. He also made a disrespectful remark toward Plaintiff. *Id*.

Later, Plaintiff cashed a check for a customer, amounting to $7,040. *Id*. ¶ 12. Because the amount was larger than the amount in her cash box, Plaintiff requested the remaining funds from Reyes. *Id*. Instead of processing the request, Reyes confronted the customer, "creating a hostile, discriminatory, and intimidating work environment for Plaintiff." *Id*.

On January 17, 2023, Plaintiff emailed a written complaint to Branch Manager David LaCombe ("LaCombe"), reporting Reyes' behavior. *Id*. ¶ 13. The complaint described "ongoing workplace interference and discrimination, including her exclusion from team communications that were conducted exclusively in Spanish." *Id*.

On February 2, 2023, Reyes interrupted Plaintiff's scheduled appointment with a customer. *Id*. ¶ 14. The customer was concerned by Reyes' conduct and independently reported the incident to LaCombe. *Id*.

On February 6, 2023, Plaintiff sought assistance from Human Resources ("HR"). *Id*. ¶ 15. Lacome discouraged Plaintiff from contacting HR and contacted a district manager. *Id*. Plaintiff was then instructed to go home. *Id*.

On February 15, 2023, Defendant reassigned one of Plaintiff's primary customer service accounts. *Id*. ¶ 16. The reassignment reduced her access to sales and service opportunities and negatively impacted her performance-based incentive compensation. *Id*. On March 1, 2023, Plaintiff's work schedule was reduced from between 35 and 40

3:26-cv-01443-GPC-DDL

hours per week to 25 hours per week, causing her financial hardship and hindering her career opportunities. *Id.* ¶ 17.

On March 20, 2023, Defendant accused Plaintiff of adding her personal email address to a customer account. *Id.* ¶ 18. She was not afforded a formal investigation, explanation, or opportunity to respond. *Id.* On April 3, 2023, Defendant terminated Plaintiff's employment. *Id.* ¶ 19.

After her termination, Plaintiff applied for unemployment benefits and was denied. *Id.* ¶ 20. Plaintiff appealed the decision. *Id.* On May 10, 2023, the administrative law judge ruled in Plaintiff's favor. *Id.* ¶ 21.

On October 30, 2023, Plaintiff filed a Charge of Discrimination with both the U.S. Equal Employment Opportunity Commission ("EEOC") and the California Civil Rights Department ("CRD"). ECF No. 4-3 at 2-3.[1] That same day, the CRD issued notice that it would defer the investigation to the EEOC because of the dual-filing. *Id.* at 5. It also notified Plaintiff of her right to sue and that a lawsuit on the matter should be filed "within one year from the date of this notice." *Id.* The notice also stated that the "one-year period [would be] tolled during the pendency of the EEOC's investigation." *Id.*

On July 11, 2025, the EEOC granted Plaintiff's request for a Notice of Right to Sue, terminating its processing of the charge. *Id.* at 10.  The notice stated that Plaintiff was required to file her lawsuit within 90 days of receipt of the EEOC's dismissal notice. *Id.* It also warned that the "time limit for filing a lawsuit based on a claim under state law may be different." *Id.*

On December 19, 2025, Plaintiff filed a Complaint of Employment Discrimination before the CRD. Compl. at 25. Plaintiff also requested authorization to file a lawsuit. *Id.*

---

[1] Throughout the order, the pagination for docketed documents is derived from the numbering generated by the ECF system.

3:26-cv-01443-GPC-DDL

at 22. The CRD provided the Right to Sue notice on December 19, 2025 and closed the case. *Id*. at 23-24.

## PROCEDURAL HISTORY

On December 19, 2025, Plaintiff filed a complaint in the Superior Court of the State of California for the County of San Diego. ECF No. 1-3. The complaint alleges seven causes of action: (1) retaliation, Cal. Lab. Code § 1102.5, (2) retaliation, Cal. Gov't Code § 12940(h), (3) discrimination, Cal. Gov't Code § 12940(a), (4) failure to prevent discrimination and retaliation, Cal. Gov't Code 12940(k), (5) violation of Cal. Lab. Code § 6310, (6) violation of Cal. Lab. Code § 6311, and (7) wrongful termination in violation of public policy. *See id*.

On March 6, 2026, Defendant removed the case to this Court. ECF No. 1. On March 13, 2026, Defendant filed this instant motion to dismiss. ECF No. 4 ("Mot."). On April 10, 2026, an opposition was filed. ECF No. 6 ("Opp."). On April 24, 2026, a reply was filed. ECF No. 7 ("Rep.").

## LEGAL STANDARD

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a motion to dismiss, the complaint must contain a "short and plain statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), backed by sufficient facts that make the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, it requires enough factual content for the

4

3:26-cv-01443-GPC-DDL

court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts must "accept all [factual] allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Dent v. Nat'l Football League,* 968 F.3d 1126, 1130 (9th Cir. 2020) (quoting *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013)). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023). Ultimately, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## REQUEST FOR JUDICIAL NOTICE

Generally, on a motion to dismiss, courts will limit their review to the contents of the complaint and may only consider extrinsic evidence that is properly presented as part of the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, under Federal Rule of Evidence 201, a district court may take notice of facts not subject to reasonable dispute that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

Defendant asks the Court to take judicial notice of (1) Plaintiff's October 30, 2023 Charge of Discrimination filed with the EEOC against U.S. Bank , ECF Doc. 4-3 at 2-3 (2) the CRD's October 30, 2023 Notice to Complainant and Respondent and Notice to Complainant of Right to Sue, ECF Doc. 4-3 at 5, (3) the EEOC's December 13, 2023

3:26-cv-01443-GPC-DDL

Request for Information issued to Respondent U.S. Bank, ECF Doc. 4-3 at 7-8, (4) the EEOC's July 11, 2025 Notice of Right to Sue, ECF Doc. 4-3 at 10-11, (5) the September 6, 2022 Worksharing Agreement between the State of California Civil Rights Department and the U.S. Equal Employment Opportunity Commission for Fiscal Year 2022, ECF Doc. 4-3 at 13-20, and (6) the October 13, 2023 Fiscal Year 2024 Extension of Worksharing Agreement, ECF Doc. 4-3 at 22. ECF No. 4-2. Plaintiff does not oppose the request for judicial notice. Exhibits 1-6 are relevant to the instant case and are matters of public record, so the Court may take judicial notice of them "without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (quotations and citations omitted).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Second, Third, Fourth, Fifth, and Sixth Causes of Action. Mot. at 13. First, Defendant argues that Plaintiff's FEHA claims (i.e., Plaintiff's Second, Third, and Fourth Causes of Action) should be dismissed for failure to timely file suit. *Id*. at 19. Second, Defendant maintains that the Third and Fourth Cause of Action "do not plausibly allege membership in a protected class, facts supporting a reasonable inference of discriminatory animus, or any causal connection between protected characteristic and an adverse employment action." *Id*. at 13. Finally, Defendant contends that the Fifth and Sixth Causes of Action fail to allege any adverse treatment based on unsafe working conditions. ECF No. 24. Plaintiff contests each of Defendant's arguments. Opp. at 2.

### I.    Failure to Timely File Suit (Claims 2-4)

"[T]he one-year statute of limitations, commencing from the date of the right-to-sue notice by the department to the person claiming to be aggrieved, shall be tolled when…[a] charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the department." Cal. Gov't Code §

6

3:26-cv-01443-GPC-DDL

12965(e)(1). "The time for commencing an action for which the statute of limitations is tolled under paragraph (1) expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the department, whichever is later." *Id*. § 12965(e)(2).

Here, the CRD's right-to-sue notice was issued on October 30, 2023. ECF No. 4-3 at 5. On July 11, 2025, the EEOC issued a right-to-sue notice and stated that the lawsuit be filed in federal or state court within 90 days of receipt. *Id*. at 10. Thus, the statute of limitations was tolled to October 9, 2025. Mot. at 20.

Because Plaintiff did not file her complaint until December 19, 2025, Defendant argues that her FEHA claims are time-barred. *Id*. Plaintiff does not contest that her complaint was not timely filed in accordance with statute and the EEOC's right-to-sue notice. *See* Opp. at 2. However, she maintains that her FEHA claims are subject to equitable tolling because she was acting pro se during the relevant time periods and believed the 90-day deadline applied only to her federal claims. *Id*. at 3.

FEHA's administrative time limits "are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling." *Rodriguez v. Airborne Express*, 265 F.3d 890, 900 (9th Cir. 2001). However, equitable tolling is typically extended only sparingly, and courts are generally "[un]forgiving…where the claimant failed to exercise due diligence in preserving [her] legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

While there is no precise formula for equitable tolling, the equities tend to favor "a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Rodriguez*, 265 F.3d at 902. Essentially, equitable tolling is warranted where the defendant induced

the filing delay. *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1127 (9th Cir. 2008); *Khan v. SAP Labs, LLC*, No. 18-CV-07490-BLF, 2019 WL 5697928, at *11 (N.D. Cal. Nov. 4, 2019).

Here, Plaintiff does not meet the first three factors. First, Plaintiff does not present any facts demonstrating diligence in pursuing her claims. *See* Opp. at 3. For example, she does not provide any explanation for the delay in filing or what steps she was taking during the 90-day window. Second, Plaintiff does not argue that she was misinformed or misled by the EEOC or that she subsequently relied on any misinformation. *See id.* Instead, the EEOC's right-to-sue notice clearly stated a 90-day filing deadline and noted that the time limit for state law claims might be different. ECF No. 4-3 at 10.

Plaintiff, however, relies on the fourth factor, only maintaining that she "was acting pro se during the relevant time periods…[w]ithout understanding the system." Opp. at 3. Nonetheless, while Plaintiff was pro se during the relevant time period, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1151 (9th Cir.2006); *see also Johnson v. United States*, 544 U.S. 295, 311 (2005) ("But we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Thus, even pro se, Plaintiff's confusion with regards to § 12965(e)(2) also does not weigh in favor of equitable tolling.

Thus, the Second, Third, and Fourth Causes of Action are not subject to equitable tolling and are time-barred.

## II. Failure to State a Claim (Claims 3-4)

Defendant argues that the Third and Fourth Causes of Action fail to state a claim. Mot. at 13. As these claims are time-barred, the Court declines to consider these arguments.

3:26-cv-01443-GPC-DDL

## III.   Labor Code §§ 6310, 6311 (Claims 5-6)

California Labor Code §§ 6310, 6311 protect employees from retaliation when addressing unsafe working conditions. Specifically, Section 6310 protects an employee from retaliatory termination for "(i) making a complaint to the division or governmental agency with statutory responsibility *with respect to employee safety or health*; (ii) instituting or testifying in a proceeding related to their rights; (iii) participating in an occupational health and safety committee; and (iv) reporting a work-related fatality, injury, illness or exercising any other rights protected by the Occupational Safety and Health Act ("OSHA")." *Terry v. Nespresso USA, Inc.*, No. 2:24-CV-01506-HDV (SKX), 2024 WL 3993865, at *4 (C.D. Cal. July 23, 2024) (emphasis in original); *see* Cal. Lab. Code § 6310. In essence, "Section 6310 makes it unlawful to fire or otherwise retaliate against an employee who makes a workplace safety complaint with government agencies." *Lujan v. Minagar*, 124 Cal. App. 4th 1040, 864 (2004).

Similarly, Section 6311 provides that "[n]o employee shall be laid off or discharged for refusing to perform work" where the performance would create a workplace safety violation and "the violation would create a real and apparent hazard to the employee or their fellow employees." Cal. Lab. Code § 6311.

Here, Plaintiff's factual allegations do not relate to unsafe or hazardous working conditions, which is the relevant "protected activity" under §§ 6310, 6311. *See Cuevas v. SkyWest Airlines*, 17 F. Supp. 3d 956, 964 (N.D. Cal. 2014), *aff'd sub nom. Cuevas v. SkyWest Airlines, Inc.*, 644 F. App'x 791 (9th Cir. 2016) (finding a protected activity when Plaintiff reported the safety of aircraft ground equipment); *Rodriguez v. Lab'y Corp. of Am.*, 623 F. Supp. 3d 1047, 1057 (C.D. Cal. 2022) (finding a protected activity where the plaintiff reported overfilled biohazard bags and disinfection logs). Instead, the complaint focuses on discriminatory treatment, such as "exclusion from team communications that were conducted exclusively in Spanish." Compl. ¶ 13. These types

of activities are not protected under §§ 6310, 6311. *See Badrh v. Amazon.com, Inc.*, No. 23-CV-2489-DSF(MAAX), 2023 WL 5532098, at *8 (C.D. Cal. Aug. 28, 2023) ("Badrh alleges retaliation for using medical leave and because of his religion and ethnicity…He does not allege that he was retaliated against for either reporting safety issues or refusing to work because of the safety issues."); *Terry v. Nespresso USA, Inc.*, No. 2:24-CV-01506-HDV (SKX), 2024 WL 3993865, at *4 (C.D. Cal. July 23, 2024) ("Even generously construed, the FAC simply does not include any allegations that go to any safety issue, health concern, or occupational standard violation.").

Despite this, Plaintiff maintains that she made complaints to management "regarding pressure and mandates to participate in illegal business practices and unsafe work conditions and hostile work environment," which resulted in her termination. *Id*. ¶ 72. However, this allegation is conclusory. Plaintiff does not explain what the illegal business practices or unsafe work conditions were and how they related to workplace safety. Without these additional factual allegations, Plaintiff fails to plausibly allege a claim under §§ 6310, 6311.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss as to the Second, Third, Fourth, Fifth, and Sixth Causes of Action with leave to amend. The hearing set on June 5, 2026 shall be VACATED. Plaintiff shall file an amended complaint within **21 days** of the Court's Order.

**IT IS SO ORDERED.**

Dated: June 2, 2026

Hon. Gonzalo P. Curiel
United States District Judge

10

3:26-cv-01443-GPC-DDL