UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE BENJAMINE, an individual,<br>Plaintiff,<br>v.<br>U.S. BANK NATIONAL ASSOCIATION, a National Bank; and DOES 1 through 50,<br>Defendants. | Case No.: 3:26-cv-01443-GPC-DDL<br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br>**[ECF No. 19]** |

## INTRODUCTION

Before the Court is Arendsen Braddock LLP's ("Counsel") motion to withdraw as counsel of record for Plaintiff Louise Benjamine ("Plaintiff"). ECF No. 19. Defendants were given until October 2, 2026, to file a response in opposition to the motion, and they have not done so. The Court has thus considered Plaintiff's Counsel's unopposed motion and **GRANTS** the motion to withdraw.

## BACKGROUND

On August 31, 2026, Plaintiff's Counsel filed a motion to withdraw as counsel. ECF No. 19. In the motion, Plaintiff's Counsel informed the Court that an irreconcilable breakdown in communication had occurred between Counsel and Plaintiff making representation going forward impossible. ECF No. 19-1, at 1-2. Counsel informed the Court that Plaintiff has knowingly and freely consented to the termination of representation and executed a Consent Substitution of Attorney to proceed in this action propria persona in place of counsel. ECF No. 19-1, at 2. Counsel has stated that Plaintiff intends to proceed propria persona. *Id*. at 3. Counsel has also stated that they will make Plaintiff's file available to her upon request. *Id*. at 4.

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at 1 (C.D. Cal. 2013). Local Rule 83.3(f)(3) requires an attorney to serve any motion to withdraw on the adverse party and his client and to file a declaration pertaining to such service.

California Rule of Professional Conduct 1.16 states that "a lawyer may withdraw from representing a client if ... the client knowingly and freely assents to termination of

the representation." CA ST RPC Rule 1.16. Even so, consent of the client is not dispositive. *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at 2 (N.D. Cal. 2010). A court must also consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Curtis v. Illumination Arts, Inc.*, No. C12-0991JLR, 2014 WL 556010, at 4 (W.D. Wash. 2014); *Deal v. Countrywide Home Loans*, No. C09 01643 SBA, 2010 WL 3702459, at 2 (N.D. Cal. 2010).

**DISCUSSION**

Rule 1.16 of the California Rules of Professional Conduct provides that an attorney may withdraw from representing a client if it becomes "unreasonably difficult for the [attorney] to carry out the representation effectively." The motion states that "an irreconcilable breakdown in communication has occurred between Counsel and Plaintiff that makes it impossible for Counsel to effectively represent Plaintiff in this litigation. ECF No. 19-1, at 3. Counsel did not expand on this breakdown based on attorney-client privilege. ECF No. 19-2, at 2. The attorney-client relationship is clearly strained and Plaintiff has not offered any objection to this characterization. Under these circumstances, the Court finds good cause for withdrawal. *Iskander v. Otay Mesa Det. Ctr.*, No. 24-CV-01572-GPC-VET, 2024 WL 4983155, at 2 (S.D. Cal. 2024); *See, e.g.*, *Rebecca Bamberger Works, LLC v. Bamberger*, 2024 WL 4030681, at 2 (S.D. Cal. 2024) (finding

good cause for withdrawal where counsel cited "irreconcilable differences" with sparse details, as "such generalized descriptions of a 'strained relationship' are sufficient to establish good cause"); *Heilman v. Silva*, 2017 WL 822164, at 2 (S.D. Cal. 2017) (finding good cause for withdrawal where counsel and her client had "irreconcilable differences" and could not "amicably carry on the attorney-client relationship"); *see also Lindsey v. Nat'l Seating & Mobility, Inc.*, 2017 WL 8236274, at 1 (C.D. Cal. 2017) ("[a] breakdown in the attorney-client relationship may justify withdrawal") (collecting cases).

Furthermore, CA ST RPC Rule 1.16 "a lawyer may withdraw from representing a client if ... the client knowingly and freely assents to termination of the representation." In alignment with CA ST RPC Rule 1.16, courts have found that a Plaintiff's desire for different representation weighs in favor of withdrawal. *Ahmadi v. Mercedes Benz USA, LLC*, No. 19CV435-GPC(KSC), 2020 WL 8970336, at 1–2 (S.D. Cal. 2020). In this case, Plaintiff has also voluntarily consented to the withdrawal and represented their intent to proceed Pro-se. ECF No. 18. As a result, the Court finds that Plaintiff's consent weighs in favor of granting Counsel's motion to withdraw.

The Court finds that granting withdrawal will not prejudice either party. Neither Defendant nor Plaintiff opposes the withdrawal. As a result, the Court finds that neither party will be prejudiced by the withdrawal of Counsel. The only potential harm to the administration of justice is Plaintiff proceeding in this action pro se. However, Plaintiff has consented while indicating that she prefers to appear in this action pro se. ECF No.

18. Additionally, Plaintiff has been aware of this withdrawal request since Counsel and Plaintiff proposed the consent order granting substitution of counsel on August 26, 2026. *Id*. Accordingly, Plaintiff has had sufficient time to obtain new counsel if that is what she desires. Therefore, the Court finds that Plaintiff's pro se status does not weigh against withdrawal.

Lastly, it does not appear that Counsel's withdrawal will hinder resolution of this case. The motion to dismiss filed on June 23, 2026 was granted and Plaintiff has been provided four weeks to file an amended complaint. As a result, Plaintiff has sufficient time to address this case, obtain new counsel, and file an amended complaint if she chooses.

## CONCLUSION

For the foregoing reasons, the Court hereby **Orders** that:

1. The Court **GRANTS** Mr. Pruners' motion to withdraw as counsel for Plaintiff.
2. The hearing scheduled for November 13, 2026 is **VACATED**.
3. The Court provides Plaintiff **4 weeks from the filing of this order** to obtain new counsel or notify the Court that she intends to proceed *pro se.*
4. Though relieved, counsel **SHALL** provide a copy of this Order to Plaintiff and explain the above deadline.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Hon. Gonzalo P. Curiel
United States District Judge