UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE BENJAMINE, an individual,<br>Plaintiff,<br>v.<br>U.S. BANK NATIONAL ASSOCIATION, a National Bank; and DOES 1 through 50,<br>Defendants. | Case No.: 3:26-cv-01443-GPC-DDL<br>**GRANTING MOTION TO DISMISS**<br>**[ECF No. 12]** |

**INTRODUCTION**

On July 7, 2026, Defendant filed a motion to dismiss the amended complaint. ECF No. 12. The motion to dismiss has been fully briefed. ECF Nos. 15-16. The Court finds the matter suitable for decision on the papers. For the reasons below, the Court GRANTS Defendant's motion to dismiss.

## FACTUAL BACKGROUND

On or about November 7, 2022, Plaintiff Louise Benjamine ("Plaintiff") was hired by U.S. Bank National Association ("Defendant" or "U.S. Bank") as a Universal Banker. ECF No. 11 ("Compl.") ¶ 7. She was regularly scheduled to work approximately 35-40 hours per week. *Id*. Plaintiff received recognition for her exceptional customer service and customer satisfaction ratings. *Id*. ¶ 8.

On or about January 13, 2023, Plaintiff's supervisor denied Plaintiff's request to replenish her cash box. *Id*. ¶ 9. Plaintiff requested $10,000, but was only provided $5,000 of the requested amount. *Id*. Plaintiff cashed a check for $7,040 and requested the remaining funds via Microsoft Teams. *Id*. ¶ 10. Instead of processing the request, Rocio Reyes ("Reyes"), Plaintiff's supervisor confronted the customer "creating a hostile, discriminatory, and intimidating work environment for Plaintiff". *Id*.

On or about January 17, 2023, Plaintiff submitted a written complaint via email to Branch Manager David Lacombe, reporting Reyes' disrespectful and inappropriate behavior. *Id*. ¶ 11. The complaint described "ongoing workplace interference and discrimination, including her exclusion from team communications that were conducted exclusively in Spanish". *Id*.

On February 2, 2023, Reyes interrupted Plaintiff's scheduled appointment with a customer. *Id*. ¶ 12. The customer was concerned by Reyes' conduct and independently reported the incident to Lacombe. *Id*.

On February 6, 2023, Plaintiff sought assistance from Human Resources ("HR"). *Id*. ¶ 13. Lacome discouraged Plaintiff from contacting HR and contacted a district manager. *Id*. Plaintiff was then instructed to go home. *Id*.

On February 15, 2023, Defendant reassigned one of Plaintiff's primary customer service accounts. *Id*. ¶ 14. The reassignment reduced her access to sales and service opportunities and negatively impacted her performance-based incentive compensation. *Id*. On March 1, 2023, Plaintiff's work schedule was reduced from between 35 and 40 hours per week to 25 hours per week. *Id*. ¶ 15. The reduction caused financial hardship and hindered career advancement opportunities. *Id*.

On or about March 20, 2023, Defendant accused plaintiff of adding her personal email address to a customer account. *Id*. ¶ 16. She was not afforded a formal investigation, explanation, or opportunity to respond. *Id*. On or about April 3, 2023, Defendant terminated Plaintiff's employment. *Id*. ¶ 17.

After her termination, Plaintiff applied for unemployment benefits, which were initially denied. *Id*. ¶ 18. Plaintiff appealed the decision. *Id*. ¶ 18. On May 10, 2023, the administrative law judge ruled in Plaintiff's favor. *Id*. ¶ 21.

**PROCEDURAL BACKGROUND**

On December 19, 2025, Plaintiff filed a complaint in the Superior Court of the State of California for the County of San Diego. ECF No. 1-3. The complaint alleged seven causes of action: (1) retaliation, Cal. Lab. Code § 1102.5, (2) retaliation, Cal. Gov't

Code § 12940(h), (3) discrimination, Cal. Gov't Code § 12940(a), (4) failure to prevent discrimination and retaliation, Cal. Gov't Code 12940(k), (5) violation of Cal. Lab. Code § 6310, (6) violation of Cal. Lab. Code § 6311, and (7) wrongful termination in violation of public policy. *See id*.

On March 6, 2026, Defendant removed the case to this Court. ECF No. 1. On March 13, 2026, Defendant filed an initial motion to dismiss. ECF No. 4 ("Mot."). The Court granted the motion to dismiss the Second, Third, Fourth, Fifth, and Sixth causes of action with leave to amend. ECF No. 10, at 10.

On June 23, 2026, Plaintiff filed an amended complaint. ECF No. 11. Plaintiff alleged two causes of action: (1) retaliation, Cal. Lab. Code § 1102.5., and (2) wrongful termination in violation of public policy. *See id*.  On July 7, 2026, Defendant filed the instant motion to dismiss. ECF No 12. On August 4, 2026, an opposition was filed. ECF No. 15. On August 18, 2026, a reply was filed. ECF No. 16.

**LEGAL STANDARD**

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Election Integrity Project Cal., Inc. v. Weber*, 113 F.4th 1072, 1081 (9th Cir. 2024) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). To survive a motion to dismiss, the complaint must contain a "short and plain

statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), backed by sufficient facts that make the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, it requires enough factual content for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). In reviewing the plausibility of a complaint, courts must "accept all [factual] allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Dent v. Nat'l Football League,* 968 F.3d 1126, 1130 (9th Cir. 2020) (quoting *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013)). But courts do not accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023). Ultimately, the court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Second Cause of Action. ECF No. 12. Defendant argues that Plaintiff's Wrongful Termination in Violation of Public Policy claim should be dismissed for failure to timely file suit. ECF No. 12-1, at 10. Plaintiff contests this argument based on tolling principles. ECF No. 15, at 2.

## I. Plaintiffs' Wrongful Termination Claim is Barred by Code of Civil Procedure section 335.1

Defendant argues that Plaintiff's wrongful termination claim is time barred as it is subject to a two-year limitation period pursuant to Code of Civil Procedure section 335.1. Code of Civil Procedure section 335.1 provides a two year limitations period for "An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another". Courts have held that claims for wrongful termination in violation of public policy is subject to this two year limitations period. *Hamilton v. Albertson's Companies, Inc.*, No. 24-CV-462-GPC-DTF, 2024 WL 2732259, at 4 (S.D. Cal. 2024); *Villalvaso v. Odwalla, Inc.*, No. 1:10-CV-02369-OWW, 2011 WL 1585604, at 8-9 (E.D. Cal. 2011); *Nehrlich v. JLW-TW Corp.*, No. 15-CV-00521-BAS(BLM), 2016 WL 127584, at 5 (S.D. Cal. 2016); *Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1379 (2015).

Plaintiff does not dispute that Section 335.1 provides a two year limitations period for this case and the Court will apply Section 335.1 to plaintiff's wrongful termination claim. Plaintiff does not contend that her suit was timely. Plaintiff alleges that her employment was terminated on April 3, 2023. ECF No. 11, at ¶ 17. Meanwhile, Defendant responds that she was actually terminated on or around July 14, 2023. ECF No. 12-1, at 12. As the suit was not filed until December 19, 2025, Plaintiff's suit would

untimely under either formulation. Therefore, Plaintiff must point to an applicable tolling doctrine to save her claim.

## II. Pursuing a Claim with the EEOC does not Toll Plaintiff's Claim

Plaintiff argues that her claim should be tolled as she was pursuing an administrative claim with the EEOC. ECF No. 15, at 2. Defendant argues that EEOC or FEHA claims do not operate to toll common law wrongful termination claims. ECF No. 12-1, at 12-13. Courts in this district have ruled on this exact issue and found that EEOC administrative claims do not toll the statute of limitations. *Feinstein v. Serv. Sols. Grp. LLC*, No. 08-CV-1174-W-WMC, 2013 WL 12204399, at 7 (S.D. Cal. May 20, 2013). In *Feinstein*, the court reasoned that EEOC claims are similar to FEHA claims which are independent alternatives to state law claims for wrongful termination. *Id*. As a result, Plaintiffs are permitted to waive the statutory cause of action and pursue their common law claims directly. *See Id*. Therefore, there is no requirement for plaintiffs to pursue an administrative claim through the EEOC for their wrongful termination claim. Courts have affirmed this same reasoning when analyzing similar administrative claims under FEHA. *Gbajabiamila v. Abercrombie & Fitch, Inc.*, No. 10-CV-740-IEG WMC, 2010 WL 3185499, at 3–4 (S.D. Cal. Aug. 10, 2010), *Villalvaso*, 2011 WL 1585604, at 8.

Without a formal requirement to pursue a wrongful termination claim through the EEOC, Plaintiff is not disadvantaged in a way which would permit tolling. *Feinstein*, 2013 WL 12204399, at 7. In Opposition, Plaintiff has not presented any caselaw that

disputed *Feinstein* or this line of cases. ECF No. 15. Therefore, the Court finds that the fact that plaintiff was pursuing an administrative claim through the EEOC does not serve to toll her wrongful termination claim.

## III. Plaintiff's Claim is not Equitably Tolled Based on her Pro-Se Status

Plaintiff next argues that her claims should be equitably tolled based on her pro se status when she filed her EEOC claim. ECF No. 15, at 2. The fact that plaintiff is pro se does not in itself justify an equitable tolling of the statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 267-268 (9th Cir. 1992)(refusing to find equitable tolling where pro se plaintiff missed statutory deadline by three days). Equitable tolling is to be applied "sparingly" and "in extreme cases only." *Rhodes v. Raytheon*, 555 Fed. App'x 665, 668 (9th Cir. 2014) (internal quotation marks and citation omitted); *Scholar* 963 F.2d 264 at 267. "Courts have been generally unforgiving, however, when a late filing is due to [a] claimant's failure 'to exercise due diligence in preserving his legal rights.' "*Sankoh v. Hui*, No. 16-CV-03645-LB, 2016 WL 5846832, at 2 (N.D. Cal. 2016).

While there is no precise formula for equitable tolling, the equities tend to favor "a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001).

Plaintiff has not pled sufficient facts to satisfy any of the requirements for equitable tolling. Specifically, Plaintiff's complaint does not provide any information relating to why this claim is untimely, or what steps Plaintiff took to pursue this claim after May 10, 2023. ECF No. 11, at 4. Without such information, Plaintiff is unable to show that she diligently pursued her claim to warrant tolling per *Rodriguez*. In her opposition, Plaintiff cites no caselaw to support her position and simply states that the claim should be equitably tolled "due to Plaintiff's pro-se status…". (citation omitted) ECF No. 15, at 2. As in *Scholar*, 963 F.2d at 267, Plaintiff did not allege any facts suggesting she was misinformed or misled by any agency, or defendant ensuring that she does not satisfy the 2nd and 3rd elements of equitable tolling. *Rodriguez*, 265 F.3d 890 at 902. In regard to element 4, plaintiff's pro-se status alone is insufficient to satisfy the requirements for equitable tolling. Based on the amended complaint and opposition, Plaintiff has failed to plead sufficient facts to show that she diligently pursued this claim per *Rodriguez*.

**IV. <u>Fed. R. Civ. P. 12(g)(2) Does Not Bar Defendant's Motion</u>**

The Court notes that Defendant did not move to dismiss Plaintiff's Wrongful termination claim in their initial motion to dismiss. ECF No. 4. As a result, the Court must address the potential application of Federal Rule of Civil Procedure 12(g)(2). Fed. R. Civ. P. 12(g)(2) addresses "limitation on further motions" and states:

> except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. *Id*.

In theory, Fed. R. Civ. P. 12(g)(2) can restrict defendant from moving to dismiss the wrongful termination claim as they did not move against the count in their first motion. However, the Ninth Circuit has adopted a flexible interpretation of Fed. R. Civ. P. 12(g)(2) under the guidance of Rule 1—namely, to "to secure the just, speedy, and inexpensive determination of every action and proceeding." *Vuz v. Dcss III, Inc.*, No. 3:20cv0246-GPC-AGS, 2020 WL 4366023, at 17 (S.D. Cal. 2020) (citing *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017)). Denying late-filed Rule 12(b)(6) motions and relegating defendants to the three procedural avenues specified in Rule 12(h)(2) can produce unnecessary and costly delays, contrary to the direction of Rule 1. *Id*. As a result, many district courts in this Circuit have concluded that new arguments in a subsequent Rule 12(b)(6) motion should routinely be considered on the merits. *See, e.g., Dawson v. One Call Medical, Inc.*, No. 20-cv-1188-LAB-KSC, 2022 WL 22899885, at 2 (S.D. Cal. 2022) (collecting cases) (finding that defendants "need not consolidate all failure-to-state-a-claim arguments in a single dismissal motion"); *Manlin v. Ocwen Loan Servicing, LLC*, No. CV 16-6625-AB, 2017 WL 8180779, at 3 (C.D. Cal. 2021) (collecting cases) ("Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion."); *Moreno v. Castlerock Farming and Transport Inc.*, No. 12-CV-556 AWI JLT,

2022 WL 902597, at 3–4 (E.D. Cal. 2022) (following other district courts in California and considering the merits of newly raised arguments in a successive motion to dismiss).

Based on the clear guidance in this Circuit, the Court declines to apply Fed. R. Civ. P. 12(g)(2) to bar Defendant's motion to dismiss the wrongful termination claim. It would be an inefficient use of judicial resources to require defendant to wait, only to bring this claim on a later motion. The Court also finds there is no evidence showing that this omission was used for the sole purpose of delay or ambush which would weigh in favor of application of Fed. R. Civ. P. 12(g)(2). *Davidson v. Countrywide Home Loans, Inc.*, No. 09-CV-2694-IEG JMA, 2011 WL 1157569, at 4 (S.D. Cal. 2011). As a result, Fed. R. Civ. P. 12(g)(2) does not bar defendant's motion to dismiss the wrongful termination claim.

**V. <u>Plaintiff will be Granted Leave to Amend the Complaint</u>**

Plaintiff asserts that this Court should grant leave to amend. Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Because Rule 15(a) imposes a liberal amendment policy, the nonmoving party bears the burden to show "why leave to amend should not be granted." *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989). Courts consider five factors when determining whether to grant leave to amend. The factors include bad faith,

undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

Defendant's primary argument is that leave to amend should not be granted as it would be futile. ECF No. 16, at 5-6. An amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Based on a review of the amended complaint, it is not clear that the complaint cannot be saved by amendment. Here, plaintiff stated no facts that would apply to an equitable tolling application. This case represents a unique situation. First, in its previous order, the Court dismissed a number of plaintiff's initial claims while rejecting equitable tolling. ECF No. 10. However, in Defendant's prior motion to dismiss, they did not move to dismiss Plaintiff's claim for wrongful termination. ECF No. 4. Plaintiff then filed a new complaint which dropped the claims where the equitable tolling arguments had previously been rejected. ECF No. 11. Plaintiff did not include any new facts addressing a potential application of the equitable tolling doctrine. *Id*. Now, Defendant moves to dismiss the wrongful termination claim based on an expiration of the statute of limitations and the inapplicability of equitable tolling. ECF No. 12. In light of the previous issues identified relating to FRCP 12(g)(2), it could reasonably be assumed that Plaintiff did not include facts relating to equitable tolling based on Defendant's previous

lack of challenge. As a result, the Court cannot currently determine that the complaint cannot be saved by any other amendment. Therefore, leave to amend will not be rejected on a futility basis.

Based on the facts outlined above, there are no indications that plaintiff's failure to plead facts regarding equitable tolling was conducted out of bad faith, caused an undue delay, or caused prejudice to defendant. Furthermore, Defendant does not argue that any of these factors weigh against granting leave to amend. As the burden to show why leave should not be granted is on defendant, the Court finds that these factors weigh in favor of permitting leave to amend. While Plaintiff was previously granted leave to amend, the Court finds that this fact alone is insufficient to deny further leave to amend. The Court recognizes in previously requesting leave to amend, Plaintiff stated they would be able to allege the elements necessary to establish equitable estoppel. ECF No. 6, at 3. Plaintiff's amended complaint did not include such facts. However, based on the unusual factual situation outlined above, the Court will grant Plaintiff leave to file a Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's motion to dismiss as to the Second Cause of Action with leave to amend. The hearing set for October 16, 2026, shall be VACATED. Plaintiff shall file an amended complaint withing **4 Weeks** of the Court's order.

**IT IS SO ORDERED**

Dated: October 7, 2026

Hon. Gonzalo P. Curiel
United States District Judge